# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

---

Elizabeth M. Mays,
Sammi Cook-Kuehn, and
Kathryn T.R. Gaul

        Plaintiffs,

    v.

4 Mile, Inc., Ambrose T. Schwartz, Jr.,
Diane M. Schwartz, Sylvester Weaver, and
Pamela Weaver,

        Defendants.

Case No. 14-cv-396

---

## ANSWER, AFFIRMATIVE DEFENSES, And COUNTERCLAIM TO FIRST AMENDED COMPLAINT

---

    Defendants, by their attorneys, The Jeff Scott Olson Law Firm, S.C., by Attorney Jeff Scott Olson, hereby answer the First Amended Complaint as follows:

    1.    Paragraph 1 does not assert any facts. It calls for a legal conclusion to which no answer is required.

    2.    Admit.

    3.    Admit.

    4.    Deny that any events or omissions have legitimately given rise to Plaintiffs' claims, but admit that this Court has jurisdiction and that venue in the

Western District of Wisconsin is appropriate.

5. Lack sufficient knowledge or information to form a belief regarding the truth of the allegations in paragraph 5 regarding Mays's domicile or intentions. Deny that Mays ever "worked for" Defendants, deny that Mays performed solely at 4 Mile Club during relevant time period, admit that Mays performed as a dancer at 4 Mile Club at some time during relevant time period.

6. Admit.

7. Lack sufficient knowledge or information to form a belief regarding the truth of the allegations in paragraph 7 regarding Gaul's domicile or intentions. Deny that Gaul ever "worked for" Defendants, deny that Gaul performed solely at 4 Mile Club during relevant time period, admit that Gaul performed as a dancer at 4 Mile Club at some time during relevant time period, and admit that Gaul has apparently consented to be a party plaintiff.

8. Lack sufficient knowledge or information to form a belief regarding the truth of the allegations in paragraph 8 regarding Cook-Kuehn's domicile or intentions. Deny that Cook-Kuehn ever "worked for" Defendants, deny that Cook-Kuehn performed solely at 4 Mile Club during relevant time period, admit that Cook-Kuehn performed as a dancer at 4 Mile Club at some time during relevant time period, and admit that Cook-Kuehn has apparently consented to be a party plaintiff.

9. Admit.

10.     Admit.

11.     Deny that Ambrose T. Schwartz, Jr., is a Club owner, admit he is a U.S. citizen who resides at N14077 Schubert Road, Trempealeau WI, and deny that he has made any decision about his intent to live in Wisconsin indefinitely.

12.     Deny that Diane M. Schwartz is a Club owner, admit she is a U.S. citizen who resides at N14077 Schubert Road, Trempealeau WI, and deny that she has made any decision about her intent to live in Wisconsin indefinitely.

13.     Deny that Sylvester Weaver is a Club owner, admit he is a U.S. citizen, deny he resides at N15574 West Prairie Road, Trempealeau WI, and deny that he has made any decision about his intent to live in Wisconsin indefinitely.

14.     Deny that Pamela Weaver is a Club owner, admit she is a U.S. citizen, deny that she resides at N15574 West Prairie Road, Trempealeau WI, and deny that she has made any decision about her intent to live in Wisconsin indefinitely.

15. Deny.

16. Deny.

17. As to Defendant 4 Mile, Inc., admit; as to individual Defendants, deny.

18.     Deny that Defendants "employ" Plaintiffs to dance at club; admit that Defendant 4 Mile, Inc. permits Plaintiffs to dance at club.

19.     Deny that Defendants "hire" entertainers .

20.     Admit that Defendant 4 Mile does categorize entertainers as independent

contractors and lessees. Deny that there has ever been a refusal to pay minimum wage and/or overtime because entertainers have never sought and been refused and because entertainers make much more money as independent contractors than they would be due if paid minimum wage and/or overtime.

21. Deny that entertainers have "duties." Entertainers do perform on stage and within dance areas of the club.

22. Admit that Defendant 4 Mile charges dancers a rental fee to use its club as a safe place in which dancers can perform and earn money. Deny that individual Defendants charge entertainers anything. Deny that Defendant 4 Mile charges for music. Assert affirmatively that Defendant 4 Mile provides a juke box for dancers' use into which music chosen by dancers is programmed and for which dancers pay into the juke box.

23. Deny that Defendants exert substantial control over Entertainers. Deny that Defendants control dancers' schedules, what dancers wear while performing, or the prices they charge for their performances. Deny that dancers are supervised in relation to their performances and artistic endeavors; admit that bartenders or managers enforce Club's policies, most, if not all, of which are aimed at prevention of dancers' violating any state laws.

24. Admit that bartenders or managers enforce Club's policies, most or all of which are aimed at prevention of dancers' violating any state laws.

25. Deny.

26. Deny.

27. Admit.

28. Admit.

29. Admit

30. Paragraph 30 calls for a legal conclusion to which no answer is required; to the extent that a factual response is required, Defendants lack sufficient knowledge or information to form a belief regarding the truth of the allegations in paragraph 30 and put Plaintiffs to their proof thereon.

31. Deny.

32. Deny.

33. Deny.

34. Deny.

35. Admit.

36. Deny.

37. Deny that entertainers "work" in the sense of employment; admit that entertainers use the facilities of Defendant 4 Mile in which to perform and to garner payment for their performances by patrons.

38. Paragraph 38 does not assert any facts and calls for a legal conclusion to which no answer is required; to the extent that factual response is required, deny.

39. Deny.

40. Paragraph 40 calls for a legal conclusion to which no answer is required; to the extent that a factual response is required, Defendants lack sufficient knowledge or information to form a belief regarding the truth of the allegations in paragraph 40 and put Plaintiffs to their proof thereon.

41. Paragraph 41 calls for a legal conclusion to which no answer is required; to the extent that a factual response is required, Defendants lack sufficient knowledge or information to form a belief regarding the truth of the allegations in paragraph 41 and put Plaintiffs to their proof thereon.

42. Deny.

43. Deny.

44. Defendants lack sufficient knowledge or information to form a belief regarding the truth of the allegations in paragraph 44 as to counsel's competency, experience, licensure, and past practice and put Plaintiffs to their proof thereon.

45. Deny.

46. Paragraph 46 calls for a legal conclusion to which no answer is required; to the extent that a factual response is required, Defendants lack sufficient knowledge or information to form a belief regarding the truth of the allegations in paragraph 46 and put Plaintiffs to their proof thereon.

47. Deny.

48. Paragraph 48 merely reasserts previous paragraphs to which answers have already been given, so no separate answer is required.

49. Deny that 3 years is the applicable statute of limitations, deny that any of the Plaintiffs have been "employed" by any Defendants and deny that Plaintiffs have received less compensation than minimum wage laws require.

50. Deny.

51. Paragraph 51 merely reasserts previous paragraphs to which answers have already been given, so no separate answer is required.

52. Deny that 3 years is the applicable statute of limitations, deny that any of the Plaintiffs have been "employed" by any Defendants, and deny that Plaintiffs have received less compensation than would be required if they were paid time and a half minimum wage for "overtime."

53. Deny.

54. Paragraph 54 merely reasserts previous paragraphs to which answers have already been given, so no separate answer is required.

55. Deny.

56. Paragraph 56 merely reasserts previous paragraphs to which answers have already been given, so no separate answer is required.

57. Deny.

58. Paragraph 58 merely reasserts previous paragraphs to which answers have already been given, so no separate answer is required.

59. Deny.

60. Paragraph 60 merely reasserts previous paragraphs to which answers have already been given, so no separate answer is required.

61. Deny.

62. Paragraph 62 merely reasserts previous paragraphs to which answers have already been given, so no separate answer is required.

63. Deny.

64. Deny.

65. Paragraph 65 merely reasserts previous paragraphs to which answers have already been given, so no separate answer is required.

66. Deny.

67. Paragraph 67 merely reasserts previous paragraphs to which answers have already been given, so no separate answer is required.

68. Deny.

69. Paragraph 69 merely reasserts previous paragraphs to which answers have already been given, so no separate answer is required.

70. Deny.

71. Paragraph 71 merely reasserts previous paragraphs to which answers have already been given, so no separate answer is required.

72. Deny.

73. Paragraph 73 merely reasserts previous paragraphs to which answers have already been given, so no separate answer is required.

74. Deny.

75. Paragraph 75 merely reasserts previous paragraphs to which answers have already been given, so no separate answer is required.

76. Deny.

77. Paragraph 77 merely reasserts previous paragraphs to which answers have already been given, so no separate answer is required.

78. Deny.

79. Deny that Plaintiff's "prayers for relief" (a – s) are appropriate, just, equitable, or lawful under the circumstances.

## AFFIRMATIVE DEFENSES

1.      As to the individual Defendants, the Amended Complaint fails to state a claim upon which relief can be granted.

2.      Some of Plaintiffs' claims are barred by the applicable statute(s) of limitations.

3.      Plaintiffs may have failed to mitigate damages.

4.  The damages that Plaintiffs have sustained, if any, are the result of their own wrong-doing.

5.  The claims are barred because every Plaintiff, as well as any putative class member asserting the same facts as any named Plaintiff, is precluded from relief on the basis of laches.

6.  The claims are barred because every Plaintiff, as well as any putative class member asserting the same facts as any named Plaintiff, is precluded from relief on the basis of equitable estoppel.

7.  The claims are barred because every Plaintiff, as well as any putative class member asserting the same facts as any named Plaintiff, is precluded from relief on the basis of Defendants' detrimental reliance on the Plaintiffs' choice and demand, by word and deed, NOT to be treated or characterized as an "employee" as Plaintiffs consented to, and in some cases insisted upon, an independent contractor status and accepted the benefit of the non-employee status during the time that they may have performed, all to the detriment of Defendants.

8.  The claims are barred because every Plaintiff, as well as any putative class member asserting the same facts as any named Plaintiff, is precluded from relief on the basis of the "unclean hands" doctrine, and the violation of the implied covenant of good faith and fair dealing.

9.  The claims are barred because no Plaintiff ever conformed to the

obligations or limitations required of employees.

10. The FLSA claims are barred because every Plaintiff, as well as any putative class member asserting the same facts as any named Plaintiff, is precluded from relief because the FLSA does not apply to lessees or independent contractors who work for their own financial advantage on the premises of another, were not denied remuneration in an amount equivalent to wages required to be paid to employees, and did not perform under an arrangement which threatened fair competition.

11. This case is not amenable to certification as a class or collective action because as the Plaintiffs cannot establish ascertainability, numerosity, typicality, commonality, or adequacy of representation.

12. Even assuming that the Plaintiffs could establish a violation of FLSA and/or Wisconsin employment laws, the case is not appropriate for certification because questions of fact common to class/collective members will not predominate over questions affecting only individuals, inasmuch as separate hearings will be required to determine the circumstances and damages for each individual plaintiff.

13. Even if some or all of the case is certified, the named Plaintiffs are not well situated to adequately represent a class or collective.

## COUNTER-CLAIM

The Counter-Plaintiffs, by and through their attorneys, for their Counterclaim,

state as follows:

1. The Counter-Plaintiffs are the named Defendants in this action.

2. The Counter-Defendants include all named and "opt-in" Plaintiffs.

3. To the extent that any named Defendant/Counter-Plaintiff is found to have any ownership interest sufficient to subject it, him, or her to potential liability under the Plaintiffs' claims, that Defendant/Counter-Plaintiff asserts the following counterclaim.

4. By this counterclaim, it is not the intention of any individual Defendant to waive his or her defense that he/she lacks the requisite relationship to the business in question to be held liable for the practices complained of.

5. This Court has jurisdiction to adjudicate the relief sought herein pursuant to *F.R.Civ.P.,* Rule 13(a).

6. It is the standard business practice at 4 Mile Gentlemen's Club (hereinafter, "the Club") to offer entertainers the opportunity to perform pursuant to a lease agreement by which the Club is paid a fee for allowing entertainers to perform, and entertainers keep the monies paid to them by customers for their private performances ("dance fees").

7. To the extent that any Counter-Defendant performed at the Club as alleged in the First Amended Complaint, by her words, deeds, and actions, she represented that

she had agreed to the financial arrangement whereby she would a pay rental fee to the Club for allowing her to perform there and would be compensated solely by the dance fee monies paid to her by customers for her performances.

8. To the extent that any Counter-Defendant performed as alleged at the Club, this agreement and arrangement was advantageous to Counter-Defendants, because it provided a venue for each Counter-Defendant to earn far more than the minimum wage provided for under the FLSA, allowed her the freedom to set her own schedule, and to perform at competing venues.

9. To the extent that any Counter-Defendant performed as alleged at the Club, each Counter-Defendant set the amount of the dance fee that she charged from each patron.

10. To the extent that any Counter-Defendant performed as alleged at the Club, patrons were permitted, but not required, to give her a "tip" or "gratuity" over and above the dance fee, at the patron's discretion.

11. To the extent that any Counter-Defendant performed as alleged at the Club, she collected dance fees far in excess of minimum wage, exclusive of "tips."

12. To the extent that any Counter-Defendant performed as alleged at the Club, she adopted a pattern and practice of non-employee conduct, and, by way of example only, she: (a) set the price of, collected, and retained dance fees from dance performances; (b) collected tips which she did not report to Counter-Plaintiffs; (c)

selected if, when, where, and for whom she would perform; (d) selected the dates and times of work without control by Counter-Plaintiffs or any employees of the Club; (e) did not clock in or out as an employee or perform employee-services for Counter-Plaintiffs, such as waitressing or bartending duties, or act in any capacity outside that of a professional entertainer; and (f) was not subject to federal or state tax withholding; all of which constitutes conduct unlike that required of the Club's employees.

    13.   Counter-Defendants now seek to: (a) repudiate the agreement under which they earned money for their performances; (b) retain all monies which they earned as dance fees, and (c) seek to be awarded an hourly wage in addition to the substantial dance fees retained under the terms of the agreement described above.

    14.   If Counter-Defendants performed as alleged at the Club, at all times, Counter-Plaintiffs abided by the terms of the parties' agreement and fully performed their obligations thereunder, including permitting Counter-Defendants to retain all the money generated from the dance sales, as well as conceding to Counter-Defendants important controls that Counter-Plaintiffs would otherwise have reserved for themselves, including setting mandatory schedules with no input from the performers, selecting patrons for whom Counter-Defendants would perform, restricting Counter-Plaintiffs' performing at competitor clubs, requiring the wearing of costumes of the Counter-Plaintiffs' choice, and requiring duties and obligations other than dancing and performing.

## BREACH OF AGREEMENT-OFFSET DAMAGES

15. Based on the facts set forth above, Counter-Plaintiffs assert that to the extent that they may be required to compensate Counter-Defendants on an hourly basis, contrary to what was originally agreed upon, equity requires that such amounts be offset by the dance fees which each Counter-Defendant received.

16. Those who ran the Club allowed performers to keep such dance fees because performers were not otherwise compensated, and performers paid a fee to perform at the venue.

17. To the extent that certain performers now seek to revise the arrangement under which they received compensation, they are required to offset any damages that they receive by monies received under the prior arrangement.

18. As a direct and proximate result of the repudiation of the arrangement by Counter- Defendants, Counter-Plaintiffs have been damaged and are entitled to a monetary offset against any liability arising from Counter-Defendants' claims so that Counter-Plaintiffs are entitled to an award of damages against the Counter- Defendants, in an amount equal to the proceeds from dance sales (not tips) retained by those performers as a result of their performing at the Club.

UNJUST ENRICHMENT- OFFSET (Alternatively)

19. If Counter-Defendants are successful in their claims that they should receive additional monies as alleged in the Amended Complaint, Counter-Defendants will be

unjustly enriched by receiving both wages **and** dance fees collected by Counter-Defendants under the terms of the parties' agreements in addition to having received non-monetary benefits associated with their status as a non-employee tenants.

20. If Counter-Defendants prevail in their claims, they will have obtained the full benefit of having used the Club's facilities, personnel, advertising, good-will, and all other assets of the Club to generate revenue for themselves and will simultaneously retain all such revenue, specifically dance fees and tips generated from their performances, in addition to wages and other employee benefits, while Counter-Plaintiffs will retain no benefit from Counter-Defendants' use of Counter-Plaintiffs' assets and labor and the dance sales generated thereby, and Counter-Defendants will thus be unjustly enriched by their actions.

21. Counter-Plaintiffs are entitled to an award of all dance fees (exclusive of tips) retained by Counter-Defendants as a result of their performing at the Club to offset against any award of wages or other accoutrements of employment to which Counter-Defendants claim to be entitled.

**PRAYER FOR RELIEF**

WHEREFORE, Counter-Plaintiffs pray for Judgment against Counter-Defendants as follows:

   a. For a set-off of all dance fees retained by Counter-Defendants as against any award of wages or other accouterments of employment to which Counter-

Defendants are found entitled;

b. For an accounting of all entertainment fees and a valuation of all benefits derived by Counter-Defendants from Counter-Plaintiffs;

c. For the costs of suit including reasonable attorneys' fees; and

d. For such other relief as the Court may deem just and proper.

Dated this Friday, October 10, 2014.

Respectfully submitted,

4 Mile, Inc., Ambrose T. Schwartz, Diane M. Schwartz, Sylvester Weaver, and Pamela Weaver,

Defendants, By

THE JEFF SCOTT OLSON LAW FIRM, S.C.
JEFF SCOTT OLSON
State Bar No. 1016284
131 W. Wilson St., Suite 1200
Madison, WI 53703
Phone:        (608) 283-6001
Facsimile:    (608) 283-0920
E-mail:       jsolson@scofflaw.com


        /s/ Jeff Scott Olson
_____

Jeff Scott Olson
ATTORNEYS FOR DEFENDANTS

**Certificate of Service**

I hereby certify that on Friday, October 10, 2014, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Justin W. Peterson and James S. Naugler, and I hereby certify that I have mailed by United States Postal Service the document to the following non ECF participants: none.

_____/s/ Jeff Scott Olson_____