UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ELIZABETH M. MAYS,
SAMMI COOK-KUEHN, and
KATHRYN T.R. GAUL,

        Plaintiffs,

v.

4 MILE, INC., et al.

Case No. 14-CV-396

## PLAINTIFFS' RESPONSES, DEFENSES AND AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIMS

The Plaintiffs, by and through their attorneys, Moen Sheehan Meyer, Ltd., respond to Defendants' Counterclaims as follows:

1.    Admit the allegations in paragraph 1 of Defendants' Counterclaims.

2.    Answering paragraph 2 of Defendants' Counterclaims, deny that Defendants can counterclaim against current "Opt-In" Plaintiffs and/or Opt-In Plaintiffs that do not yet exist.

3.    Paragraph 3 of Defendants' Counterclaim asserts Defendants' intent and does not require a response from Plaintiffs. To the extent that a response is required, deny.

4.    Paragraph 4 of Defendants' Counterclaim asserts Defendants' intent and does not require a response from Plaintiffs. To the extent that a response is required, deny.

5.    Deny the allegations in paragraph 5 of the Defendants' Counterclaims.

1

6. Deny the allegations in paragraph 6 of the Defendants' Counterclaims.

7. Deny the allegations in paragraph 7 of the Defendants' Counterclaims.

8. Deny the allegations in paragraph 8 of the Defendants' Counterclaims.

9. Deny the allegations in paragraph 9 of the Defendants' Counterclaims.

10. Admit the allegations in paragraph 10 of the Defendants' Counterclaims.

11. Deny the allegations in paragraph 11 of the Defendants' Counterclaims.

12. Deny the allegations in paragraph 12 of the Defendants' Counterclaims.

13. Answering paragraph 13 of Defendants' Counterclaims, deny that there is any agreement to repudiate; admit that Plaintiffs intend to retain tips that are their lawful possession; admit that Plaintiffs seek to be awarded, *inter alia,* a lawful minimum hourly wage, plus overtime for their work for Defendants.

14. Deny the allegations in paragraph 14 of the Defendants' Counterclaims.

15. Deny the allegations in paragraph 15 of the Defendants' Counterclaims.

16. Answering paragraph 16 of Defendants' Counterclaims, lack sufficient knowledge or information to form a belief regarding Defendants' intent and therefore put Defendants to their burden: admit Defendants required Plaintiffs and Class Members to pay Defendants fees to perform at 4 Mile, Inc.

17. Deny the allegations in paragraph 17 of the Defendants' Counterclaims.

18. Deny the allegations in paragraph 18 of the Defendants' Counterclaims.

19. Deny the allegations in paragraph 19 of the Defendants' Counterclaims.

20. Deny the allegations in paragraph 20 of the Defendants' Counterclaims.

21. Deny the allegations in paragraph 21 of the Defendants' Counterclaims.

22. Plaintiffs deny that Defendants are entitled to the relief they request.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

1. This Court lacks subject matter jurisdiction over Defendants' Counterclaims.

2. Defendants failed to state claims upon which relief may be granted.

3. Defendants' Counterclaims are retaliatory and are aimed at chilling class members from engaging in protected employment activity.

4. Defendants' Counterclaims are frivolous.

5. Defendants have not suffered damages

6. Illegality.

7. Unclean hands.

Dated this 22nd day of October, 2014.

**MOEN SHEEHAN MEYER, LTD.**

/s/ Justin W. Peterson
Justin W. Peterson (SBN 1087366)
201 Main Street, Suite 700
La Crosse, WI 54601
(608) 784-8310