IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ELIZABETH M. MAYS, SAMMI COOK-KUEHN and
KATHRYN T.R. GAUL, on behalf of themselves and a
class of employees and/or former employees
similarly situated,

     Plaintiffs,

  v.

4 MILE, INC., AMBROSE T. SCHWARTZ, JR.,
DIANE M. SCHWARTZ, SYLVESTER WEAVER
and PAMELA WEAVER,

     Defendants.

ORDER

14-cv-396-slc

---

  Plaintiffs Elizabeth Mays, Sammi Cook-Kuehn and Kathryn T.R. Gaul have filed this lawsuit against defendants 4 Mile, Inc., Ambrose and Diane Schwartz and Sylvester and Pamela Weaver seeking compensation for unpaid wages and overtime compensation under the Fair Labor Standards Act (FLSA) and Wisconsin state law on behalf of themselves and similarly situated individuals who are or have been employed as dancers by defendants. Although discovery has just begun in this case, defendant Sylvester Weaver has filed an early motion for summary judgment on the ground that he has never been plaintiffs' employer under the FLSA. Dkt. 14. In support of his motion, Sylvester Weaver has filed an affidavit in which he avers that he has no ownership interest in the 4 Mile club and his only role in the operation of the business has been to perform maintenance and repairs. Dkt. 17. Although Weaver admits that he co-owns the property on which the club is located with the other individual defendants, he states that 4 Mile has not paid any rent since 2010 because of declining business. *Id.*

  Plaintiffs object to Weaver's motion as premature, arguing that they need more discovery in order to adequately respond to his arguments. Along with their response brief, plaintiffs submitted evidence of Weaver's ownership interest in the property on which 4 Mile is located and affidavits from a few dancers who claim to have seen Weaver performing inventory,

accepting deliveries and performing other administrative tasks at the club.  Cook-Kuehn also avers that defendant Pamela Weaver told her that she, her husband Sylvester and the Schwartzes owned the club.  However, as defendants pointed out in their September 15, 2014 reply brief, plaintiffs violated this court's Procedure to be Followed on Motions for Summary Judgment (attached to the preliminary pretrial conference order), dkt. 13, by failing to respond to defendants' proposed findings of fact or propose any findings of fact of their own.  Plaintiffs attempted to correct their error the next day by filing an amended memorandum, proposed findings of fact and responses to defendants' proposed findings of fact motion to strike.  Defendants have moved to strike those late-filed submissions.  Dkt. 33.

Even if I were to excuse plaintiffs' procedural misstep and consider the evidence submitted with their response brief, it is unclear at this point whether Sylvester Weaver is an "employer" under the FLSA or state law.  Section 203(g) of the FLSA provides that "'employ' includes to suffer or permit to work."  Wisconsin defines "employment" as "any trade, occupation or process of manufacture, or any method of carrying on such trade or occupation in which any person may be engaged, or for any place of employment."  Wis. Stat. § 103.01(1)(b).  To determine whether an individual is an employer under the FLSA, courts often use the "economic reality" test.  *Hernandez v. City Wide Insulation of Madison, Inc.*, 2006 WL 1993552, *1 (E.D. Wis. July 14, 2006); *George v. Badger State Industries*, 827 F.Supp. 584, 587 (W.D. Wis. 1993).  In most cases, courts consider four factors:  (1) whether the individual has the power to hire and fire; (2) whether he supervises and controls employee work schedules or conditions; (3) whether he determines the rate and method of payment; and (4) whether he maintains employment records.  *Id.* (citing test set forth in *Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983)).  Further, if an individual has "supervisory authority over the complaining employee and was responsible in whole or part for the alleged violation," then he may be held individually liable.  *Riordan v. Kempiners*, 831 F.2d 690, 694 (7th

Cir. 1987); 29 U.S.C. § 203(d).  *See also Dominguez v. Quigley's Irish Pub, Inc.*, 790 F. Supp. 2d 803, 823-24 (N.D. Ill. 2011) (individual who controls corporate operations and terms and conditions of employment is employer under FLSA); Wis. Stat. § 103.01(1)(a) (employer is "every person having control or custody of any employment or place of employment").  In this case, plaintiffs' evidence suggests that there may be more to Sylvester's role in the club than merely providing maintenance work.  However, plaintiffs admit that without further discovery, they do not know the extent of Weaver's involvement in the operation of the club.  Although plaintiffs ask the court to deny defendants' motion, what they really are claiming is that it is too early in the case to determine whether Sylvester Weaver can be held liable as an employer under state or federal law.  I agree.

Fed. R. Civ. P. 56(d) permits a district court to delay consideration of a summary judgment motion and order additional discovery before ruling if the non-movant demonstrates by affidavit or declaration that "it cannot present facts essential to justify its opposition."  *See also Sterk v. Redbox Automated Retail, LLC*, ___ F.3d ___, 2014 WL 5369416, at *8 (7th Cir. Oct. 23, 2014) (citing *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006) ("The Rule places the burden on the non-movant that believes additional discovery is required to 'state the reasons why the party cannot adequately respond to the summary judgment motion without further discovery.'")).  Plaintiffs did not file a motion pursuant to Rule 56(d), but they should have.  Nonetheless, even though plaintiffs could have handled this better, their error was not a material one.  As discussed above, the declarations that they submitted sufficiently demonstrate that they cannot adequately respond to the summary judgment motion without further discovery.

For the sake of efficiency and fairness, I am construing plaintiffs' summary judgment response and accompanying declarations as a motion under Rule 56(d) to delay consideration of the summary judgment motion and order additional discovery.  I will allow plaintiffs until January 9, 2015 to conduct discovery and file a supplemental response to defendants' motion,

including proposed findings of fact and additional responses to defendants' proposed findings of fact supported by admissible evidence. Defendants will have until January 23, 2015 to reply. Defendants' motion to strike will be denied as moot.

ORDER

IT IS ORDERED that:

(1) Plaintiffs' response to defendants' motion for summary judgment and accompanying declarations are construed as a motion under Rule 56(d) to delay consideration of the summary judgment motion and order additional discovery, and this constructive motion is granted.

(2) The ruling on defendants' motion for summary judgment, dkt. 14, is RESERVED pursuant to Fed. R. Civ. P. 56(d). Plaintiffs shall have until January 9, 2015 to conduct discovery and file a supplemental response to defendants' motion. Defendants shall have until January 23, 2015 to reply.

(2) Defendants' motion to strike, dkt. 33, is DENIED as moot.

Entered this 4th day of November, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

4